JOHN HARRISON AND OTHERS *vs.* THOMAS SIMONDS AND OTHERS.

An office is not vacant when there is a de facto incumbent.

Such incumbent must be ousted upon an information in the nature of a quo warranto, before the court will grant a mandamus to compel proceedings for filling the office.

And the court will not grant a mandamus where it appears that the object sought could have been secured without serious difficulty without the aid of the court.

APPLICATION for a mandamus; brought to the Superior Court, and reserved, upon facts found, for the advice of this court. The points of law decided will be sufficiently understood from the opinion, without a statement of the facts.

*C. E. Perkins* and *L. E. Stanton*, for the plaintiffs.

*J. Halsey* and *C. J. Cole*, for the defendants.

CARPENTER, J.   We are all satisfied that the writ prayed for ought not to issue.  ·The principal controversy relates to the election of officers.   The request is that a special meeting may be called to elect officers of the society, upon the assumption that the annual meeting held in March, 1876, was illegal. It is claimed that the warning for that meeting did not conform to the statute.   Whether this is so or not we do not care now to decide.

It appears that this meeting was warned as all others have been warned for the last fifteen years, so that if this was illegal all others have been so.   It is not the case therefore of officers, legally elected in the first instance, holding over through a failure to elect; for the election of these men when first elected carries with it the same suspicion or taint of illegality as attaches to the election of 1876.   They are therefore officers *de jure* by virtue of a legal election in 1876, or officers *de facto* merely.   It is agreed that the defendants are in fact acting as trustees of the society, and that no other persons are acting in that capacity or claim the right so to act. Indeed the plaintiffs assume as the foundation of their entire case that the defendants are *de facto* trustees.   If they are such *de jure* then the offices are filled in every sense, and the election of other officers would be a nullity.   The statute authorizes special meetings to fill vacancies.   If there is no vacancy no special meeting can properly be held to elect officers.

If it be conceded that the defendants are not trustees *de jure*, the same reasons exist— with less force perhaps, yet on the whole satisfactory to us—why a special election should not be held.   There is no vacancy.   An office is not vacant when there is a *de facto* incumbent.

It is not the policy of the law to encourage proceedings which must inevitably result in producing two claimants, each with color of title, to the same office at the same time.   There may be cases where the right to an office should be judicially determined, even though there be no contestant, and the

incumbent, if found to be without title, ousted, that the constituency may have an opportunity to elect.   It seems to us that in this case the title should have been first determined in a proper proceeding for that purpose.

It is virtually insisted that we should in this proceeding determine the question of title; that is, that we should hold that the annual meeting in March, 1876, was illegal for some or all the reasons assigned, and consequently hold that there is a vacancy, or create one by ousting the present incumbents. That under our practice will not be done.   In *Duane* v. *McDonald*, 41 Conn., 517, we held that a writ of mandamus was not a proper proceeding to try the title to an office.   The doctrine of that case is, as will clearly appear from the opinion and authorities cited, that the appropriate remedy is an information in the nature of a *quo warranto*.   It is true in that case the plaintiff claimed that he was entitled to the office, and the proceeding was not only to oust the defendant, but to install the plaintiff.   But that circumstance does not in principle distinguish that case from this.   The title to an office is the substance of the issue in both cases.   The decision in that case is sound in principle and abundantly sustained by the authorities cited, and we think it is decisive of this.

Another object for which the proposed meeting was to be called was "to act upon the admission of new members." We see no occasion for a mandamus to compel the trustees to call a special meeting for that purpose.   When first requested they prepared a notice for a meeting in the usual form, and sent it to the pastor to be read in two public meetings according to the usual course.   The pastor, upon consultation with some of the petitioners for the meeting, concluded that it was not a legal warning and declined to read it.   Had they then prepared a notice satisfactory to themselves and requested the trustees to sign and publish it in a legal way, we see no reason to believe that they would have declined.   That was an obvious, expeditious, and, so far as we can see, efficient remedy; and we think it should have been resorted to, under the circumstances, before applying for a writ of mandamus.

Other questions were involved in the case and discussed by counsel, but a decision of them is unnecessary.

The Superior Court is advised to render judgment for the defendants.

In this opinion the other judges concurred.