## STATE, EX REL. KEIFER, *v.* WHEATLEY.

[No. 20,026.    Filed March 10, 1903.]

OFFICERS.—*Quo Warranto.*—The relator in a *quo warranto* proceeding to remove an incumbent of an office and obtain possession of the office himself, must recover upon the strength of his own right or title thereto and not upon the weakness or infirmities of the respondent's right or title. *p. 188.*

SAME.—*Quo Warranto.*—An information in the nature of a *quo warranto* seeking the removal of an incumbent of a county office and the possession of the office by relator which fails to show that relator has taken the oath of office and given bond as required by law is fatally defective. *p. 189.*

From Tipton Circuit Court; *W. W. Mount,* Judge.

*Quo warranto* by the State on the relation of John Keifer against David M. Wheatley to remove respondent from the office of county assessor. From a judgment for respondent, relator appeals. *Affirmed.*

*M. T. Shiel, J. M. Fippen, J. M. Purvis, G. H. Gifford* and *G. J. Gifford,* for appellant.

*E. A. Mock* and *Dan Waugh,* for appellee.

JORDAN, J.—On December 3, 1900, Keifer, the relator, commenced this proceeding in the lower court by an information, or complaint, in the name of the State, on his own relation, for the purpose of expelling appellee from the office of county assessor, and obtaining the possession thereof himself. A trial by the court resulted in a finding and judgment in favor of appellee, from which appellant appeals.

The errors assigned relate to the action of the court in overruling the demurrer to the first and second paragraphs of the answer.

The information consists of two paragraphs. The first, omitting the caption and the jurat, is as follows: "The State of Indiana, on the relation of John Keifer, complains of the defendant David M. Wheatley, and says that the relator was on the 6th day of November, 1892, and has ever since been, a resident freeholder, householder, and elector of the county of Tipton, State of Indiana, and eligible to be elected to and hold the office of county assessor thereof; that on the 6th day of November, 1900, at the general election held in said county for the election, amongst other offices, of county assessor thereof, the relator, the defendant, Fred Findling, and Frank Hayes were the only candidates for said office, and the relator at said election received the highest number of votes for said office and was duly elected thereto for the term of four years from the — day of November, 1900; that the defendant David M. Wheatley is ineligible to hold said office, for the reason that said defendant David M. Wheatley is not a resident freeholder and householder of Tipton county, State of Indiana, at present, and was not a resident freeholder and householder of said county on the 6th day of November, 1900, and was not a resident freeholder and householder of said county for four years before the date of said election; that on the — day November, 1900, the defendant usurped the said office of county assessor, and has since held and received the emoluments thereof, the amount of which is unknown to the relator, and has during said time wrongfully and unlawfully kept the relator out of the possession of said office, and deprived him of said fees and emoluments, to his damage of $25; that on the 3rd day of December, 1900, before the filing of this complaint, the relator demanded of the defendant the possession of said office and the books and papers belonging thereto, which was refused. Wherefore plaintiff demands judgment for $25 damages; that the defendant be ousted from said office, and that the relator have possession thereof."

The second paragraph is substantially the same as the first, except that it charges that the defendant was ineligible to be elected to the office, for the reason that he was not a resident freeholder and householder of Tipton county, State of Indiana, at the time of the commencement of the action, and was not a resident freeholder and householder of said county on the 6th day of November, 1900, and was not such freeholder and householder of said county for one year before the date of said election.

A demurrer to each of the paragraphs of the information was overruled, to which the defendant excepted, and thereupon he answered the information or complaint in three paragraphs, among which was the general denial. The first paragraph alleges and shows that the defendant and the relator were opposing candidates for the office of county assessor of Tipton county, Indiana, at the general election held on November 6, 1900. The defendant, it is alleged, received the highest number of votes cast at said election, and also received a majority of the legal votes cast for said office over the relator; that the board of canvassers of said election found, declared, and certified that he had received a majority of eight votes over the relator for the said office of county assessor, and declared him duly elected thereto. It is further shown that within ten days after his said election he duly qualified by executing the bond and taking the official oath required by the law, and thereupon, by virtue of his said election and qualification as aforesaid, he, in good faith, at the beginning of the term for which he was elected, took possession of said office, and has ever since been discharging the duties thereof. It is further alleged that for more than one year next preceding said general election the defendant was an elector of the county of Tipton, and an inhabitant thereof, and so continued to be at the time of entering upon the discharge of the functions of said office. Therefore, it is alleged that he is eligible to hold said office. The second paragraph sets up substantial-

ly the same facts as the first, with the exception that it avers that the defendant was an elector and resident freeholder and householder of said county for more than four years next preceding said election, and was and is, therefore, eligible to hold said office.

Counsel for appellants insist that the court erred in overruling the demurrer to each of these paragraphs of the answer, for the reason that each discloses that appellee did not possess the qualifications required by the statute creating the office of county assessor.

Section 8530 Burns 1901 provides: "There shall be elected on the first Tuesday after the first Monday in November, 1892, and every four years thereafter in each county in this State, one county assessor, who shall possess the powers and perform the duties hereinafter specified, and no person shall be eligible for election more than twice in any term of twelve years. Such county assessor shall be a resident freeholder and householder of the county not less than four years before the date of such election. Within ten days after election, he shall give bond with two or more good and sufficient freehold sureties, to be approved by the county auditor, in the sum of $5,000, payable to the State of Indiana, and conditioned for the faithful and impartial discharge of his duties, and shall take and subscribe to an oath or affirmation to be indorsed on his bond that he will faithfully and impartially and honestly discharge the duties of his office."

Counsel for the appellee argue that the first paragraph of answer shows that their client possessed the qualifications required by the State's Constitution in respect to county officers, and that the second paragraph discloses that appellee possessed not only the qualifications exacted by the Constitution, but, in addition thereto, shows that he was a householder and freeholder for the time required by the statute, and their contention is that both the paragraphs of the answer are sufficient in bar of the relator's action.

State, *ex rel.*, *v.* Wheatley.

The argument is advanced that the office in controversy is a county office, and the qualifications essential to render a person eligible to be elected to and to hold the same are prescribed by the Constitution, and can not be varied or enlarged by the legislature. It is contended: (1) That so much of the statute which prescribes that "Such county assessor shall be a resident freeholder and householder of the county not less than four years before the date of such election," is in conflict with §4, article 6, of the Constitution, which provides that: "No person shall be elected or appointed as a county officer who shall not be an elector of the county; nor any one who shall not have been an inhabitant thereof during one year next preceding his appointment;" (2) that it violates §23 of the bill of rights, which prohibits the legislature from granting to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens; (3) that it is invalid because it fixes a property qualification, and provides that a person not an elector may be elected to the office, and is a species of class legislation, which, if upheld, would result in excluding a large portion of the electors of any county from holding the office of county assessor.

Aside from the constitutional question as presented by them, counsel for the appellee contend that the relator is, under the facts averred in his information, not shown to be in a position to complain of the alleged error of the court in overruling his demurrer to the answer, even though the paragraphs in dispute may be bad for the reason that each paragraph of the information is fatally defective in not showing that the relator had qualified as provided by law before he commenced this action, and in giving no excuse for his failure so to qualify. If this latter contention is tenable, then the question of the constitutional validity of the statute in controversy may be dismissed without consideration, for it is elementary and settled by many decisions of this court, that a bad answer is sufficient for a bad

complaint, and that a defendant may always parry an attack upon the sufficiency of his answer upon that ground.

As a legal proposition it must be manifest that, if the foundation upon which the relator bases his right to prevail in this action is not sufficient for that purpose, he must fail. If he succeeds in ousting appellee from the office in question, and in obtaining the possession thereof himself, he must do so upon the strength of his own title or right thereto, and not upon the weakness or infirmities of appellee's right or title. *Relender* v. *State, ex rel.*, 149 Ind. 283.

Under the averments of the complaint it would seem that the alleged ineligibility of appellee is not an essential factor to the relator's right of action in this suit, for certainly, under the facts, the pleading does not proceed upon the theory that while appellee, an ineligible candidate, actually received the highest number of votes cast at the election for the office in controversy, nevertheless the relator, an eligible candidate, received at the said election the next highest number of votes cast for said office, and, therefore, in the eye of the law, was properly elected thereto, for the reason that the votes cast for appellee, the ineligible candidate, should not be counted against the relator, as held in *State, ex rel.*, v. *Johnson*, 100 Ind. 489, and cases there cited, and *Vogel* v. *State, ex rel.*, 107 Ind. 374.

It will be observed that both paragraphs of the information charge that the relator, at the election in dispute, received the highest number of votes cast for said office, and was duly elected thereto for a term of four years from the —— day of November, 1900. If he, an eligible candidate for said office, received the highest number of legal votes cast at the election, and became duly qualified by giving the requisite official bond and taking the necessary oath of office, then, under such circumstances, he would be legally entitled at the beginning of the term for which he was elected to take possession of the office and discharge the duties thereof without regard to the question of appellee's ineligibility.

Appellee, who is shown by the information to be the incumbent of the office, must at least be treated as a *de facto* officer, and, before the relator can legally demand that he be ousted, and that he (the relator) be installed therein in his place and stead, it would certainly appear that, as a matter of good pleading, he should disclose by his complaint at least a *prima facie* right or title on his part to the office, not only by showing his eligibility, and that he had been duly or legally elected, but also that he had duly qualified as the law exacts.

In *Griebel* v. *State, ex rel.,* 111 Ind. 369, this court said: "An information in the nature of a *quo warranto* is the appropriate remedy for obtaining the possession of an office to which a person has been legally elected, and has become duly qualified to hold."

This action, as shown, was commenced by the relator on December 3, 1900. This date was nearly a month after his alleged election, and also apparently several days after the beginning of the term of office for which he, as claimed, was elected. Not only does the pleading entirely fail to show that he had qualified at the time he demanded the office, or at the time he instituted this action, but it also entirely fails to disclose any excuse or reason whatever for his failure to qualify. Section 4 of article 15 of the State's Constitution provides that: "Every person elected or appointed to office under this Constitution shall, before entering on the duties thereof, take an oath or affirmation to support the Constitution of this State, and of the United States, and also an oath of office." Section 7533 Burns 1901, §5519 Horner 1901, requires that: "Every officer and every deputy, before entering on his official duties, shall take an oath to support the Constitution of the United States and of this State, and that he will faithfully discharge the duties of such office." Section 2131 Burns 1901, §2044 Horner 1901, reads as follows: "Whoever, having been elected or appointed to any office, or being the deputy

of any officer so elected or appointed, performs any of the duties 'of such office without having taken and subscribed the oath prescribed by law, or before having given and filed the bond required of him and in the manner prescribed by law, shall be fined not more than $1,000 nor less than $10."

In the appeal of *Minnick* v. *State, ex rel.*, 154 Ind. 379, after referring to these several provisions of the law, this court said: "These provisions of our fundamental and statutory law clearly show that a public official is not authorized to enter upon the discharge of the duties of the office to which he may have been elected or appointed until he has taken the official oath required and given the bond provided for in the event an official bond is also required. The qualification which the law prescribes is, as a general rule, considered a condition precedent which must be complied with in order to constitute the person chosen to fill the office an officer *de jure*. Such person is not in a position to demand possession of the office to which he may have been elected or appointed, or to exercise the functions thereof, until he has qualified as the law exacts. 19 Am. & Eng. Ency. Law, 440; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185, 36 Am. Rep. 600; *People* v. *Taylor*, 57 Cal. 620." In addition to the above authorities, see *State, ex rel.*, v. *McCann*, 88 Mo. 386.

It is well settled that to be qualified to take possession of an office, or enter upon the discharge of its duties, means the performance of the acts which the person elected or appointed must, under the law, perform before he can enter upon the discharge of the duties thereof. *State, ex rel.*, v. *Bemenderfer*, 96 Ind. 374.

It certainly can not be denied that the relator's election to the office alone gave him no right to the possession thereof at the beginning of the term for which he was elected unless he had qualified by giving the prescribed bond of $5,000 and by taking the required oath of office. These

acts were conditions precedent of his right to the possession of the office. Section 1147 Burns 1901, §1133 Horner 1901, provides that: "The information shall consist of a plain statement of the facts which constitute the grounds of the proceeding, addressed to the court." When filed by any person other than the proper prosecuting attorney against a person usurping an office, the relator in the action must show his interest in the matter. Section 1148 Burns 1901, §1134 Horner 1901. Under the circumstances, therefore, an averment of a fact essential to show fully the relator's interest in the office in controversy or his right to the possession thereof was wholly omitted in the pleading. Whether the information is sufficient in other respects we need not determine, for, in view of the insufficiency urged and pointed out, each of its paragraphs is fatally defective. Therefore the alleged error of the court in overruling the demurrer to the answer need not be considered, for it must be conceded that if the answer is defective or deficient, for the reasons urged by appellant, it is good enough for the latter's bad complaint.

Judgment affirmed.