STATE OF INDIANA, EX REL. ZINK *v.* HOGGATT.

[No. 25,426. Filed October 24, 1928.]

*Elliott & Houston,* for appellant.
*Emmett C. Mitchell* and *Wilbur W. Hottell,* for appellee.

GEMMILL, J.—This is a proceeding in the nature of *quo warranto,* brought by the state on the relation of Ellis L. Zink against John K. Hoggatt, now appellee, in which the relator asks that he be adjudged the duly elected and qualified trustee of Howard Township, in Washington County, and that the defendant be required to turn over to him the said office, together with all papers, books, money and other things of every kind and character connected with and belonging to said office.

The circuit court sustained defendant's demurrer to the complaint and that ruling is assigned as error on appeal.

The material averments of the complaint are as follows:   That the relator was a qualified voter of Howard Township, of Washington County, in the State of Indiana, and fully qualified in all legal respects to hold the office of trustee of Howard Township.   On November 2, 1926, the relator was the duly and legally nominated candidate of the Democratic party for the office of trustee of said township, and on said day, he received, at the general election held in said township, 156 votes for said office, which was the highest vote received by any eligible candidate, and which number of votes constituted a majority of the eligible votes cast by the voters of the township for any eligible candidate for said office.   At said election, Bird Wilcoxson was the candidate of the Republican party for the office of trustee of Howard Township and he received 174 votes for said office. Said Bird Wilcoxson was wholly ineligible to hold the office or to receive any votes therefor, for the reason that he was, at said time, a person of unsound mind; and that a sanity inquest had been held as provided by law, and a judgment returned that he was insane and was a proper person for treatment in a hospital for the insane, which judgment was filed in the office of the clerk of the Washington Circuit Court on November 1, 1926, and on November 2, 1926, he was duly admitted to the South Eastern Hospital for the Insane and is still incarcerated there.   Since before November 1, 1926, he has been wholly and totally ineligible to hold said office, which facts were known to the voters of Howard Township who voted for said Wilcoxson for said office, at the time they so voted for him, or should have been known by them on account of the public record so on file in the office of the clerk of the Washington Circuit Court. On January 1, 1927, the relator filed his bond as trustee of Howard Township with the auditor of Washington County, which bond was approved by the auditor, and

thereupon the relator was duly qualified by said auditor as trustee of the township. On said day, the relator notified the defendant, who was then and there in possession of the office of township trustee of said township and in possession of all papers, books, money and other things belonging to the office, that he, the relator, was the duly elected and qualified trustee of said township, and demanded in writing that the defendant turn over to him, as such trustee, the said office and all the papers, books, money and other things belonging to said office and connected therewith, which the defendant then and there failed and refused to do. By reason of the facts stated, relator says he is the duly elected and qualified trustee of Howard Township. The prayer of the complaint has heretofore been stated herein.

A township trustee shall hold his office for four years and until his successor is elected and qualified. §3, ch. 226, Acts 1889, §12025 Burns 1926.

Section 1208 Burns 1926 provides as follows: "An information may be filed against any person or corporation in the following cases: First. When any person shall usurp, intrude into, or unlawfully hold or exercise, any public office or any franchise within this state or any office in any corporation created by the authority of this state."

An information in the nature of a *quo warranto* is the appropriate remedy for obtaining the possession of an office to which a person has been legally elected and has become duly qualified to hold; and is the proper remedy for the removal of the incumbent of an office who has usurped and illegally continues to hold it. *Griebel* v. *State, ex rel.* (1887), 111 Ind. 369, 12 N. E. 700.

In 9 R. C. L. 1113, §116, it is said: "The declaration of the result of an election is an indispensable adjunct to the process. It furnishes the only authentic evidence

of what the choice is and by which the person elected can know that he is entitled to the office, or the former incumbent know that his term has expired. . . . Such declaration, when made, constitutes conclusive evidence of the election and title of the holder to the office until reversed or set aside by a court of proper jurisdiction in appropriate proceedings. It cannot be questioned collaterally." In *Felker* v. *Caldwell* (1919), 188 Ind. 364, 123 N. E. 794, this court held that where the title to the office is clearly an unsettled question, a claimant to the office may be enjoined by one occupying the office under a claim of right, until the former shall have established his title in an action at law. In *Couch* v. *State, ex rel.* (1907), 169 Ind. 269, 82 N. E. 457, 124 Am. St. 221, it was said: "It is the duty of the incumbent of a public office at the expiration of his term, when a certificate has been issued to another who has qualified thereunder, to surrender the office to his successor." In *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, 81 N. E. 509, it was held that a properly executed certificate of election is *prima facie* evidence of the holder's election, in a direct attack on the validity of such election, and conclusive evidence thereof on a collateral attack.

One of the causes for the contest of an election is that the contestee was ineligible. §7610 Burns 1926. In an election contest, if it be proved that any other person than the contestee has the highest number of legal votes, such board shall declare such person elected and certify the same to the proper officer. §7615 Burns 1926. The complaint shows that, at the election for township trustee in Howard Township of Washington County, at the general election held in 1926, one Bird Wilcoxson received the highest number of votes. It is not shown by the complaint that a certificate of election was issued to the relator or that any court had adjudged that he was entitled to the office. The

relator can recover only upon the strength of his own title to the office in question. *Relender* v. *State, ex rel.* (1898), 149 Ind. 283, 49 N. E. 30; *State, ex rel.,* v. *Wheatley* (1903), 160 Ind. 183, 66 N. E. 684; *State, ex rel.,* v. *Slack* (1928), *ante* 222, 162 N. E. 670. Without any declaration of relator's election from a proper source, the defendant who had possession of the office was justified in refusing to deliver the office and all the papers, books, money and other things belonging to same and connected therewith to the relator, upon his demand.

It does not appear from the complaint that the defendant has usurped, intruded into or unlawfully held or exercised the office claimed by the relator. The complaint does not state facts sufficient to constitute a cause of action against the defendant.

The judgment is affirmed.