MCGUIRK *v.* STATE OF INDIANA, EX REL. GOTTSCHALK.

[No. 24,969. Filed January 7, 1930. Rehearing denied April 10, 1930.]

Charles C. Whitlock, C. E. Henderson and L. L. Henderson, for appellant.

Miller & Englehart, Noble J. Johnson, James H. Caldwell and Walker & Hilleary, for appellee.

PER CURIAM.—The relator filed, in the Vigo Circuit Court, an information in quo warranto, against the appellant, seeking to oust him from the office of township trustee, in Harrison Township, Vigo County, Indiana, and to recover the office and the salary for himself. After a demurrer to the information was overruled, the defendant filed an answer in general denial. The action

was based on §1188 Burns 1914 (§1208 Burns 1926) which provides that an information may be filed against any person when he shall usurp, intrude into, or unlawfully hold or exercise any public office within this state. The venue of the cause was changed to the Clay Circuit Court. There was a trial by jury and a peremptory instruction in plaintiff's favor. Verdict was returned for the plaintiff, that the defendant be ousted, and that the relator have the office and $500 damages. Judgment was rendered in favor of relator in conformity to the verdict.

On appeal, appellant assigned the following alleged errors: Overruling his motion to make the complaint more specific; overruling his motion to strike out parts of the complaint; overruling his demurrer to the complaint; and overruling his motion for a new trial.

The complaint or information contained the following material averments: On November 2, 1922, at the general election, the name of John Maselink appeared upon the ballot as the Democratic candidate for the office of township trustee of Harrison Township, Vigo County, Indiana; the board of canvassers for said election certified that Masselink received the highest number of legal votes and ballots cast for any candidate for said office at said election, and a certificate purporting to show that he had been elected to the office was thereupon issued; one Andrew Powers was the duly qualified and acting trustee of said township at the time of the election, and up to and including December 31, 1922, on which day, he vacated the office and surrendered same to Masselink, who on January 1, 1923, took possession of the office and all the books, documents and property which belonged to the township; after January 1, 1923, Masselink usurped the office of township trustee up to and including part of January 2, 1925, and, some time during that day, Masselink turned the

office and the books, papers, documents and appurtenances thereto belonging over to the defendant, William B. McGuirk, who, ever since the time said Masselink turned the office over to him, as aforesaid, has wrongfully and unlawfully usurped said office; the pretended election of Masselink was, as to him, null and void, as he was at the time ineligible and disqualified to hold the office for the following reasons: Masselink had, previous to said election, been convicted of an infamous crime in the United States Court for the District of Indiana, which conviction was had upon an indictment in said court in four counts, and verdict was returned by a jury upon a trial of Masselink upon the indictment in said court on April 6, 1915, which verdict found him guilty on each of said four counts; the first count charged Masselink, in connection with a large number of other persons, with the commission of the crime of conspiracy to intimidate and oppress certain citizens of the United States in the free exercise and employment of the right and privilege of voting at the general election for a candidate to the United States Senate and representative to Congress from the Fifth Congressional District of the State of Indiana; the second count charged Masselink, in connection with other persons, with the commission of the crime of conspiracy to defraud the United States by committing willful fraud upon the laws of the United States providing for the general election of a senator and congressman of the United States; the third count charged Masselink, in connection with other persons, with the commission of the crime of conspiracy to obtain money from gamblers, saloon-keepers and other persons under various pretenses by the use of the United States mail; the fourth count charged Masselink, in connection with other persons, with the commission of the crime of conspiracy to use the mails of the United States for unlawful purposes; said court, on

April 12, 1915, duly rendered judgment upon the verdict and adjudged that Masselink be imprisoned upon each of said counts to serve one year and one day in the United States penitentiary at Leavenworth in the State of Kansas, and the judgment and sentence on all of said counts were concurrent; said judgment and conviction have never been reversed, and Masselink has never been pardoned for the commission of said crimes and the judgment remains in full force and effect; by reason of the aforesaid facts, Masselink never qualified or held any title to said office and could not and did not create any vacancy therein by his later resignation; the relator is eligible to said office and duly qualified to fill and hold same; on June 14, 1923, the relator was duly appointed township trustee of Harrison Township, Vigo County, Indiana, by the board of commissioners of the county of Vigo; he was duly appointed to the office as aforesaid to fill the vacancy which was existing in the office on account of said.Masselink being ineligible to fill and hold the office by reason of the aforesaid facts; on June 18, 1923, the relator filed with and in the office of the auditor of said county his penal bond as trustee of said township in the penal sum of $5,000 payable to the State of Indiana, which bond and the sureties thereon were duly approved, and the relator then and there duly took and subscribed the oath of office; on June 18, 1923, after filing bond and taking the oath of office, the relator made a demand on said Masselink for the office and for the possession of the office and all documents, papers, books and property which then and there belonged to the township and to the office; Masselink then and there refused to surrender and deliver possession of the office to the relator, and then and there wrongfully and unlawfully refused and has ever since wrongfully refused to deliver the office to the relator; Masselink, on June 18, 1923, and ever since said date up to the time of his

resignation on January 2, 1925, usurped the said office of township trustee of Harrison Township; on August 2, 1923, the relator duly filed an action in the Vigo Circuit Court in said county in the name of State of Indiana on the relation of William F. Gottschalk against Masselink for the possession of said office and damages for unlawful possession, in which cause the issues were closed and the cause venued to the Sullivan Circuit Court, where it has ever since been pending and is now pending for final disposition; the relator has been ready and willing to take possession of the office and has endeavored so to do continuously since his appointment; on January 1, 1925, relator again demanded the possession of said office of Masselink, who refused to surrender possession thereto and continued wrongfully and unlawfully to usurp the same; on January 2, 1925, Masselink, who had entered into a conspiracy with the defendant, and who was then and there in an unlawful conspiracy with said defendant, to keep relator out of the possession of said office, pretended to resign, whereupon the members of the board of commissioners of the county, each of whom had full knowledge as to Masselink's ineligibility to hold said office, pretended to appoint the defendant to the office of township trustee of Harrison Township; McGuirk pretended to qualify as such trustee; and Masselink, pursuant to said conspiracy and in the furtherance thereof, surrendered the possession of said office, together with all books, papers, documents, appurtenances and money which belonged to said township to the defendant; the defendant does now wrongfully and unlawfully usurp said office and has continuously done so since the time of his pretended appointment; he has wrongfully and unlawfully kept the relator out of the possession of the office and deprived him of the salary and emoluments in the sum of $1,000; there was no vacancy in the office at the time the defendant was

appointed and the board of commissioners had no authority, power or jurisdiction to make said pretended appointment and all of said acts concerning same were illegal and void; there was never any election held for the purpose of electing a township trustee of said township subsequent to the election of November, 1922, and no successor to the relator in said office was ever elected. The prayer was for damages, that the defendant be ousted from the office, and that the relator have possession thereof.

Article 2, §8 of the state Constitution provides: "The general assembly shall have power to deprive of the right of suffrage, and to render ineligible, any person convicted of an infamous crime." §96 Burns 1926. It is an indispensable qualification for persons to hold any office within the State of Indiana, either by election or appointment, that such persons shall never have evaded, or have been convicted of evading, the selective service act of the United States or of any conspiracy or attempt to defraud the government of the United States, or of any seditious utterances in violation of any of the laws of the United States or of any other crime against the laws of the United States where the sentence imposed therefor exceeded six months. Any appointment or election of any such person lacking the qualification above described shall be absolutely void. Acts 1921, ch. 83, §§1 and 2, §§9142c, 9142d Burns' Supp. 1921, §§11607, 11608 Burns 1926. And it is a cause of contest where the contestee, previous to such election, shall have been convicted of an infamous crime, such conviction not having been reversed nor such person pardoned at the time of such election. §4756 R. S. 1881, §7008 Burns 1914, §7610 Burns 1926.

The demurrer to the complaint was for the reason that the complaint did not state facts sufficient to con-

stitute a cause of action against the defendant. ■ Information, in the nature of a *quo warranto*, is a proper remedy to determine the right to an office, and may be filed by any person claiming an interest in the office, on his own relation. In *Crampton* v. *O'Mara* (1923), 193 Ind. 551, 139 N. E. 360, some of the same questions were raised that are in this case; but that was an action to contest an election, and not in *quo warranto*.

The relator herein can recover only upon his own title to the office and not upon any alleged weakness in the defendant's title to the office. *Relender* v. *State,* ■ *ex rel.* (1898), 149 Ind. 283, 49 N. E. 30; *State, ex rel.,* v. *Wheatley* (1903), 160 Ind. 183, 66 N. E. 684; *State, ex rel.,* v. *Slack* (1928), 200 Ind. 241, 162 N. E. 670.

In *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, 81 N. E. 509, 11 Ann. Cas. 944, it was held that a properly executed certificate of election is *prima facie* evidence ■ of the holder's election in a direct attack on the validity of such election, and conclusive evidence thereof on a collateral attack. In *Couch* v. *State, ex rel.* (1907), 169 Ind. 269, 82 N. E. 457, 124 Am. St. 221, it was said: "It is the duty of an incumbent of a public office at the expiration of his term, when a certificate of election has been issued to another who has qualified thereunder, to surrender the office to his successor."

By the complaint, it is shown that Masselink received the highest number of legal votes and ballots cast for any candidate at said election, and a certificate ■ purporting to show that he had been elected to said office was thereupon issued. The certificate was *prima facie* evidence of Masselink's election; and he was entitled to possession of the office when he presented his certificate to the trustee then in office.

All that is required, when there is an office to make an officer *de facto*, is, that the individual claiming the office is in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment, as the case may be. It is not necessary that his election or appointment should be valid, for that would make him an officer *de jure*. *Felker* v. *Caldwell* (1919), 188 Ind. 364, 123 N. E. 794. "A person whose election to an office is irregular and void, because at the time it was made he was a public defaulter, and hence ineligible under a statute providing that the election of a defaulter to any office of trust or profit shall be void, is nevertheless an officer *de facto*, if he discharges the duties of the office under color of such election." Constantineau, De Facto Doctrine §158. In *Leach* v. *Cassidy* (1864), 23 Ind. 449, where there was a controversy as to the office of school trustee in a town, the following was stated: "All the allegations of *Leach* himself show that *Cassidy* was trustee *de facto*. He was consequently entitled to perform all the duties and exercise all the powers of the office, until ousted by some one having a better right to it." In *State, ex rel.*, v. *Slack, supra*, in which it was claimed that John L. Duvall was ineligible to hold the office of mayor of the city of Indianapolis, because he had, prior to the election, violated the Corrupt Practice Act, this court said: "He [Duvall] was duly and legally elected to the office of mayor and qualified and took possession of said office. Of course, the prosecuting attorney had a right to attack his title to the office by *quo warranto* proceedings and any other person who could show title to the office could contest the title." Masselink was, at least, a *de facto* officer.

It was held in *Harrison* v. *Simonds* (1877), 44 Conn. 318, 319, that an office is not vacant when there is a

*de facto* incumbent. And in *Stocking* v. *State* (1855), 7 Ind. 326, 329, it was said: "There is no technical nor peculiar meaning to the word 'vacant,' as used in the constitution. It means empty, unoccupied; as applied to an office, without an incumbent."

The relator relies upon the following holding of this court: "Where it appears, *prima facie*, that acts or events have occurred subjecting an office to a judicial declaration of being vacant, the authority authorized to fill such vacancy, supposing the office to be vacant, may proceed, before procuring a judicial declaration of the vacancy, and appoint or elect, according to the forms of law, a person to fill such office." *State, ex rel.,* v. *Jones* (1862), 19 Ind. 356, 81 Am. Dec. 403; *Baker* v. *Wambaugh* (1884), 99 Ind. 312; *Gosman* v. *State, ex rel.* (1886), 106 Ind. 203, 6 N. E. 349; *Wells* v. *State, ex rel.* (1911), 175 Ind. 380, 94 N. E. 321, Ann. Cas. 1913C 86. But, in *State, ex rel.,* v. *Harrison* (1888), 113 Ind. 434, 16 N. E. 384, 3 Am. St. 663, the court said: "Although it has often been held that, where it appears *prima facie* that acts have been done, or that events have occurred which subject an office to a judicial declaration of vacancy, the appointing power is authorized to proceed and appoint without procuring the office to be judicially declared vacant, it is nevertheless a condition precedent to the power to appoint that an actual vacancy shall have occurred." An appointment to fill a vacancy in an office is void when there is no vacancy. *Kimberlin* v. *State, ex rel.* (1892), 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. 208.

In the instant case, at the time the relator was appointed township trustee of Harrison Township, the office was occupied by an officer who was either a *de jure* officer or a *de facto* officer, and there was no vacancy in the office. A judicial determina-

tion of the state of facts then existing could not have resulted in declaring the office vacant. If the incumbent, in a proper proceeding, should have been found ineligible and ousted, then there would have been a vacancy which the appointing power could have filled. The appointment of the relator as trustee was not a valid one, and he had no special interest peculiar to himself in the office when he filed his information.

The information, therefore, did not state facts sufficient to constitute a cause of action. The court erred in overruling the demurrer to the information. It is not necessary to review other alleged errors.

The judgment is reversed, with instructions to the lower court to sustain the demurrer to the information.

Martin, J., absent.