RULE ET AL. *v.* STATE EX REL. DICKINSON ET AL.

[No. 26,194. Filed February 21, 1935.]

*Smith & Smith* and *Cartwright, Wason & Carr,* for appellants.

*James O. O'Bear* and *Gus A. Hall,* for appellees.

TREMAIN, J.—This was an action by the appellees, relators, in *quo warranto,* against the appellants seeking to oust them as members of the advisory board of Madison township, Carroll county, Indiana.

The material facts avered in the complaint are that the relators were duly elected and qualified as members of the advisory board of said township at the general election held in 1922 and entered upon and continued as such advisory board until the general election of 1926 when they were re-elected, and thereafter, they acted as such advisory board until the general election of November, 1930, when it is alleged that the appellant, Alpha Rule, and two others were elected by a majority vote of said township as the advisory board thereof; that Alpha Rule and said two others qualified by taking the necessary oath of office and took possession and control of all books and papers belonging thereto. That at the time of said November, 1930, election it is alleged that said Rule and the two others were not freeholders of said township; that thereafter the members other than Alpha Rule resigned and the appellants, Benton W. Aiken and Edward Lane, both freehold voters of said township, were appointed by the other members of the advisory board. It is alleged that the relators were *de jure* officers and that the appellants usurped the office. Prayer that appellants be ousted. A demurrer addressed to the complaint was overruled. Appellants filed an affirmative answer to the complaint alleging that the appellant, Alpha Rule, and Burton Goslee, and John E. Chapman received the highest number of votes in the general election of 1930 for the office of advisory board of said township and were, declared duly elected and inducted into office; that thereafter Burton Goslee resigned and another was selected by the two remaining members

to take his place. Another elected member resigned, and another appointment was made until the board consisted of the appellants herein. There are allegations in the answers concerning the activities of the appellants in the conduct of the business of the township. Facts are alleged showing that the term of the office of the relators had expired upon said November, 1930, election.

An affirmative reply was filed to said answer alleging the same facts as are alleged in the complaint and, in addition, alleging that the advisory board elected in November, 1930, could not qualify for the reason that no member thereof was a freeholder of said township, but admitting that the members elected in November, 1930, had assumed control of the office; that by reason of their disqualification it is alleged that the relators are the *de jure* members of the board. Appellants' demurrer to the reply was overruled. There was a trial by the court. The court made a special finding of facts and stated its conclusions of law thereon and rendered judgment in favor of the relators and ousted the apellants from office.

The material finding made by the court is that the relators were duly elected and qualified in the general elections of 1922 and 1926 to the office of advisory board of said township and continued to transact the business thereof until the general election of November, 1930, when three voters of the township, one of whom was Alpha Rule, were voted upon and received the highest number of votes cast and were inducted into office by taking the required oath. The court found that neither of the members so elected in 1930 was a freeholder; that after their election and attempted qualification, one resigned and a freeholder was appointed in his place; thereafter another resigned and the second freeholder was appointed as a member of

the advisory board; that upon the election of appellants and their due qualification, they were recognized by the then trustee as members of the advisory board and performed all the duties required of the members of an advisory board of townships, and transacted all business of the township, including their meeting with the trustee December 31, 1930, when they examined the records, vouchers, checks, bills, contracts, and disbursements of the township trustee, signed all records and made full and final settlement with the trustee.

While the court did not find specifically that the relators had abandoned their office, yet the facts found do show that upon the election and qualification of the appellants, the relators made no attempt to claim and hold office until after January 1, 1931.

The court concluded as a matter of law that the relators held over and that the appellants had no right or title to the office by reason of the fact that none of the persons elected in November, 1930, were freeholders; that not being freeholders they could not resign and appoint a freeholder and thereby create an advisory board with qualifications prescribed by statute.

Upon the pleadings and the special findings of the court it clearly appears that the single material question for decision is whether or not the relators, being the old advisory board, held over after the general election of November, 1930, or whether the persons elected in 1930, not being freeholders of the township, but who otherwise qualified, are entitled to the office as against the old advisory board.

Proper exceptions are reserved upon the court's overruling of appellants' demurrers to the complaint and reply, and the appellants duly excepted to the conclusions of law stated by the court and timely filed a motion for a new trial and saved the right to present the question on appeal.

Before the relators can maintain this action they must show that they have a special interest in the matter, not held by the voters generally of said township, otherwise the prosecuting attorney would be the proper relator. The pleadings affirmatively show and the findings of the court declare that the appellants were elected and qualified by taking the necessary oath of office, and in all respects, were duly inducted into office; that the only infirmity was that they were not freeholders as provided by statute as one of the qualifications for a member of the advisory board. The law is well settled that the relators can recover only upon the strength of their own title and not upon the weakness of the appellants' title to the office. The relators contend that since they had been duly elected and qualified in the previous elections, they had the right under the constitution and law to continue in office, at the expiration of their four year term, until qualified electors were duly elected and inducted into office, and because the members of the newly elected advisory board were not freeholders, the relators contend that there had been no election and there was a vacancy in the office, and, therefore, they held over.

A certificate of election having been issued to the appellants and they having taken their oath of office and having assumed control of the books thereof and having claimed the office and performed the duties thereof, it seems clear that the rights of the relators had ceased. It has been held in this state, time and again, that a properly executed certificate of election is *prima facie* evidence of the holder's title to the office in a direct attack on the validity of such election, and is conclusive evidence thereof on a collateral attack; that it is the duty of an incumbent of a public office at the expiration of his term, when

a certificate has been issued to another who has qualified, to surrender the office.

The advisory board elected at the general election of 1930 by a majority of the votes of the township and having been duly inducted into office are entitled to the office as against the relators. The court need not go so far as to hold that the newly elected members were officers *de jure*. It would be sufficient if they were officers *de facto*. All that is required to make officers *de facto* is that they are claiming the office and in possession of it, performing its duties and claiming under color of election. If their election in November, 1930, was valid, they would be *de jure* officers. The fact that they were not freeholders of the township when elected is not sufficient reason for the court to declare that there was no election, and that the office was vacant so as to enable the old advisory board (relators) to hold over; that the newly elected board consisted of members who did not own real estate is no reason for holding that they are not officers *de facto*. An officer *de facto* has such title that his predecessor can not claim a vacancy and demand the office. Whether the newly elected advisory board were either *de jure* officers or *de facto* officers is immaterial, since in neither case was there a vacancy in the office. For authorities supporting the foregoing propositions we cite *McGuirk v. State ex rel.* (1930), 201 Ind. 650, 169 N. E. 54; *State ex rel. v. Hoggatt* (1928), 200 Ind. 338, 163 N. E. 258; *State ex rel. v. Slack* (1928), 200 Ind. 241, 162 N. E. 670; *Reynolds v. State ex rel.* (1878), 61 Ind. 392; *State ex rel. v. Dudley* (1903), 161 Ind. 431, 68 N. E. 899; *State ex rel. v. Wheatley* (1903), 160 Ind. 183, 66 N. E. 684; *State v. Reardon et al.* (1903), 161 Ind. 249, 68 N. E. 169; *State ex rel. Schrage v. Boyle* (1934), 206 Ind. 574, 190 N. E. 743.

From the foregoing it is clear that the court erred

in overruling the appellants' demurrers to the complaint and reply and also erred in its conclusions of law. Judgment should be rendered in favor of the appellants upon the findings which show that the appellants, to say the least, were officers *de facto*.

The judgment of the trial court is reversed with instructions to render judgment in favor of appellants.