John HOVANEC, Appellant,

v.

Jeffrey C. DIAZ, Appellee.

No. 679S168.

Supreme Court of Indiana.

Dec. 17, 1979.

John A. Hovanec, Gary, pro se.

Roger T. Moore, Diaz, Moore & Mishler, Portage, for appellee.

GIVAN, Chief Justice.

The appellant, John Hovanec, appeals the decision of the Lake Circuit Court in a Quo Warranto proceeding that declared the office of the Lake Station City Judge vacant. Although originally filed in the Indiana Court of Appeals, we granted the appellant's petition to transfer for a speedy determination.

The record reveals the appellant, while a resident of Lake Station, was re-elected Lake Station City Judge in 1975. He took office for the fourth time on January 1, 1976. Hovanec moved his residence from Lake Station to Crown Point, an adjoining rural township in early July or August, 1976.

The appellee, Jeffrey Diaz, was a defendant in Lake Station City Court. Diaz's counsel discovered Judge Hovanec's change of residence during an unrelated habeas corpus hearing in Lake Superior Court. The appellee subsequently filed a Quo Warranto action in Lake Circuit Court, based on Article VI, § 6 of the Indiana Constitution, which reads:

"All county, township, and town officers, shall reside within their respective counties, townships, and towns; and shall keep their respective offices at such places therein, and perform such duties, as may be directed by law."

The appellant presents six issues for review. Because we find the trial court erred in deciding that the appellant had proper standing to bring a Quo Warranto action, we treat that sole issue.

██ Historically, quo warranto is the proper remedy to determine the right to an office. *McGuirk v. State ex rel.* (1921) 201 Ind. 650, 169 N.E. 521. The proceeding deals mainly with the right of the incumbent officer and does not determine the rights of any adverse claimant. *Reynolds v. State ex rel. Titus* (1878) 61 Ind. 392. Although a private person may pursue a quo warranto action, he must demonstrate a personal interest distinct from that of the general public. *Rule v. State ex rel. Dickinson* (1934) 207 Ind. 546, 194 N.E. 151. Moreover, that interest must be in the right or title to the office. *Reynolds, supra.*

██ The appellee claims his interest in the proceeding is sufficient. He argues that he is a criminal defendant in the city court in question. He further contends that, as a taxpayer, he is subject to a potential increase in taxes should the City of Lake Station be found liable for the "tortious acts of Hovanec as usurper of its city court."

██ We hold that this interest falls short of that necessary to maintain a quo warranto proceeding. Furthermore, we note that Judge Hovanec has acted as a *de facto* officer. "All that is required to make officers *de facto* is that they are claiming the office and in possession of it, performing its duties and claiming under color of election." *Rule, supra,* 207 Ind. at 552, 194 N.E. at 153. In *Parker et al. v. State ex rel. Powell* (1892) 133 Ind. 178, 200, 32 N.E. 836, 843, this Court stated:

> " 'The rule that the acts of an officer *de facto*, performed before ouster, are, as to the public as valid as the acts of an officer *de jure*, is too familiar to the profession to need the citation of authority. The public is not to suffer because those discharging the functions of an officer may have a defective title, or no title at all. *Case v. State,* 69 Ind. 46; *Blackman v. State,* 12 Ind. 556; *Bansemer v. Mace,* 18 Ind. 27; *Mowbray v. State,* 88 Ind. 324.' Also, see note to *State, P. R. R. Co. et al. v. Iroq. Cons. Dist. Ct. et al.* (1956) 235 Ind. 353, 367, 133 N.E.2d 848, 855."

Therefore, Judge Hovanec's acts are valid, inasmuch as he is acting as a judge *de facto*.

We hold the trial court erred by overruling appellant's motion to dismiss. This case is therefore remanded to the trial court and that court is directed to sustain the motion to dismiss.

DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., not participating.

PRENTICE, J., dissenting without opinion.