**Howard B. BRENNER, M.D., Individually and on Behalf of Similarly Situated Minority Members of the Munster Medical Research Foundation, Inc., and As Relator, and Edward M. Alt, M.D., Individually and As Relator, Appellants–Plaintiffs,**

v.

**Donald S. POWERS, George E. Watson, Munster Medical Foundation, Inc., Community Foundation, Inc., Memorial Recreation and Education Foundation, Inc., Palmer C. Singleton, Jr., William J. Fitzpatrick, and John Mybeck, Appellees–Defendants.**

No. 86A03–89120CV–574.

Court of Appeals of Indiana,
Third District.

Jan. 13, 1992.

---

Saul I. Ruman, David W. Holub and David M. Hamacher, Hammond, for appellants-plaintiffs.

James A. Holcomb, Robert F. Peters and Karen L. Hughes, Lucas, Holcomb & Medrea, Merrillville, for appellees-defendants.

GARRARD, Judge.

## I. *Facts and Procedural History*

The plaintiffs, Howard Brenner, suing individually and on behalf of similarly situated minority members of the Munster Medical Research Foundation, Inc., and Edward Alt, commenced this action to challenge their exclusion from the voting membership of Munster Medical Research Foundation, Inc. (MMRF) and to challenge the validity of the expenditure or gift of corporate funds for various purposes. The trial court held that plaintiffs did not have the proper standing to assert claims for declaratory relief, breach of contract, an action in quo warranto, and a derivative suit against defendants and dismissed the action. Plaintiffs appeal.

We affirm in part and reverse in part.

An overview of the basic facts shows that MMRF is a not-for-profit, tax-exempt corporation incorporated for the purpose of operating a hospital to provide charitable medical services to the community of Munster in Lake County, Indiana. MMRF was organized and incorporated in 1964 pursuant to the 1935 General Not-for-Profit Corporation Act.[1] The articles of incorporation provide that the corporation is not organized for the pecuniary profit of its directors, officers, or members, and any

---

1. Although the parties to this dispute rely on the 1971 Not-for-Profit Corporation Act for the authority in their briefs, the 1971 Act has to be affirmatively accepted by filing Articles of Acceptance with the secretary of state's office or by opting to come under the statute through an amendment of the articles of incorporation. IC 23–7–1.1–37, 38, 38.5, 39, 40. Because the record does not show acceptance of the 1971 Act, but instead shows that MMRF was incorporated pursuant to the 1935 Act in each of the amendments to the articles of incorporation, we will follow the provisions of the 1935 Act for the purposes of this appeal.

money or assets remaining after full payment of corporate obligations are to be devoted solely to the charitable, educational, and benevolent purposes of the corporation.

Brenner was an original incorporator, director and member of MMRF, was its first president, and is allegedly a current member. Alt has allegedly been a corporate member from the late 1960s to the present time. Brenner and Alt contributed time, money, and effort to help establish MMRF.

The articles of incorporation could be amended by a majority of the voting members of MMRF at any annual or special meeting, except for two provisions dealing with distribution of corporate assets. The articles were amended three times during the 1960s and 1970s. Included in each of those amendments were changes in MMRF's membership provisions. For example, two classes of membership, charter and associate members, were set up in 1965. In 1970 an amendment changed the two classes to active and inactive members. Only active members were entitled to vote on corporate matters. Under this amendment active members were to consist of the charter members of the corporation plus those elected by the members to serve on the board of directors. This latter group would lose their active status when they left the board.

In 1984, defendant Powers became president and director of MMRF, and defendants Singleton, Watson, Fitzpatrick, and Mybeck began acting as directors of MMRF. On June 26, 1985, the board adopted another proposal for amending the articles of incorporation. They called a meeting that same day and adopted the amendments by a membership vote of eighteen (18) to zero (0). However, Brenner and Alt allegedly received no notice of this meeting and, therefore, were not able to exercise their alleged right to vote.

The amendments that were approved at the meeting once again changed the membership provisions. Specifically, the amendment provided for one member, the defendant Community Foundation, Inc., an Indiana not-for-profit corporation, and such other members as might be selected by it. The amendments also provided the new member(s) with extensive powers to make corporate decisions at annual or special meetings.

In 1989, plaintiffs filed suit alleging that their membership rights were wrongfully usurped without notice or chance to vote at the election. The plaintiffs also claim the defendants have illegally used profits and assets of the corporation for their own purposes, interests, and benefits. Plaintiffs also claim that the assets and income of MMRF are being illegally controlled by Community Foundation, Inc., which is in turn controlled by Powers, Singleton, Watson, Fitzpatrick, and Mybeck as its officers and directors. Plaintiffs further contend that defendant Memorial Recreation and Education Foundation, Inc. is a not-for-profit, tax-exempt corporation established and controlled by Powers, Singleton, Watson, Fitzpatrick, and Mybeck for the purpose of constructing and operating a center for performing arts in Munster which is allegedly illegally financed by MMRF assets and profits. Plaintiffs claim that defendants' actions have caused harm to the plaintiffs' interests and financial loss and harm to the interests of MMRF.

■ As a result, plaintiffs filed a complaint with multiple counts, seeking declaratory relief, a breach of contract action, a quo warranto action, and a derivative suit on behalf of the corporation. Defendants filed a motion to dismiss the suit, and the trial court dismissed all counts on the basis that plaintiffs lacked the requisite standing to bring their actions.[2] Plaintiffs appealed

---

**2.** Plaintiffs claim that the trial court erred by stating in its order that the plaintiffs' lack of standing resulted in the trial court having no subject matter jurisdiction over plaintiffs' complaint. Standing and subject matter jurisdiction are distinct concepts. Standing involves a determination of whether plaintiff has a personal stake in the outcome of a case and is determined apart from subject matter jurisdiction, which concerns a determination of whether plaintiffs' claims fall within the general scope of authority of the court conferred by constitution or statute. *Board of Trustees of the Town (now City) of New Haven, et al. v. City of Fort Wayne*

the trial court order. We affirm in part and reverse in part.

## II. *Issues*

The issue before us is whether the trial court erred in determining that the plaintiffs lacked standing to assert any of their claims.

We therefore do not reach questions concerning affirmative defenses, such as laches, raised by the defendants. Nor may we at this juncture reach questions concerning whether plaintiffs' action may fail to state a claim upon which relief may be granted as to certain of the defendants.

## III. *Discussion and Decision*

■ In this case, the trial court's TR 12(B)(6) dismissal rested on the court's finding that plaintiffs lacked standing to assert any of the counts in their complaint. Because standing requires that the plaintiff be actually injured by the challenged actions of the defendants, it has been held analogous to Indiana Trial Rule 17(A), which requires that actions be prosecuted in the name of the real party in interest. *Aikens v. Alexander* (1979), Ind.App., 397 N.E.2d 319, 323. To acquire real party in interest status, a person must have a present and substantial interest in the relief which is sought. *Cook v. City of Evansville* (1978), 178 Ind.App. 20, 381 N.E.2d 493, 494. Accordingly, the plaintiff must be entitled to the fruits of the action. *Id.*

■ Our standard of review of a dismissal under TR 12(B)(6) is well established. The facts alleged in the complaint must be taken as true and only where it appears that under no set of facts could plaintiffs be granted relief is dismissal of the complaint appropriate. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275. However, only well-pleaded material facts must be taken as admitted. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 406. Furthermore, a court should not accept as true

allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. 5A Wright and Miller, *Federal Practice and Procedure,* Civil Section 1363, p. 464; *cf. Royal Ins. Co. v. Stewart* (1921) 190 Ind. 444, 129 N.E. 853.

In their complaint, plaintiffs allege that they are presently members of MMRF. While plaintiffs' complaint sufficiently states facts to contest the revocation of plaintiffs' membership rights, plaintiffs may not also assert they are presently members because their pleadings establish the opposite. Their pleadings clearly establish that since the June 26, 1985, amendment to the articles of incorporation, the only member of MMRF has been Community Foundation, Inc. Plaintiffs included the articles of amendment as an exhibit to their complaint and specifically incorporated the exhibit by reference, and are now bound by those facts. Their claims of present membership are premature and depend on the outcome of actions to determine the proper remedy, if any, to their allegations that their membership rights have been illegally usurped.

Cognizant of these standards and plaintiffs' membership status, we turn to the individual counts of plaintiffs' complaint that were preserved for appeal.

## A. *Declaratory Judgment*

Plaintiffs contend they have standing to bring a declaratory judgment to determine their membership status and rights, and the rights of MMRF and the other defendants in light of the allegedly illegal amendment to the articles of incorporation. We agree in part.

■ For declaratory judgment actions a statutory provision exists for determining the real party in interest. The Uniform Declaratory Judgment Act provides that a person whose rights, status, or other legal relations are affected by a statute or contract may obtain a declaration of his rights,

---

(1978), 268 Ind. 415, 375 N.E.2d 1112, 1117. Although we agree that the trial court could have more clearly distinguished the two con-

cepts, the misstatement does not rise to the level of reversible error.

status, or other legal relations thereunder. IC 34–4–10–2. To prosecute a declaratory judgment action, a party must have a substantial present interest in the relief sought and the party must show that a question has arisen affecting his rights which ought to be decided in order to safeguard such rights. *Health and Hosp. Corp. v. Marion County* (1984), Ind.App., 470 N.E.2d 1348, 1353.

■ In the case at bar, plaintiffs were the proper parties to bring an action declaring their membership status and rights.[3] A controversy over membership status is a proper subject for a declaratory judgment. *See* 26 C.J.S., *Declaratory Judgments,* § 39(b), p. 119. Courts are the proper forum for determining a party's rights to membership in light of defendants' alleged violations of the articles of amendment and state not-for-profit statutes. Were it otherwise, individual plaintiffs would not have any means to protect their individual rights.

■ However, the remedy of declaratory judgment was not intended to eliminate well-known causes of action, where issues are ripe for litigation through the usual processes. *Madden v. Houck* (1980), Ind.App., 403 N.E.2d 1133, 1135. Furthermore, a real party in interest objection presupposes that the plaintiff does not have the right to enforce the claim he is making. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604, 606. In this case, the remedy of declaratory judgment was not appropriate for declaring the status and rights of the *defendants* and their activities. Plaintiffs were not the real parties in interest for such declaratory relief because they had no rights to such relief. The state is the proper party to challenge the ultra vires activities of non-profit corporations. See Sections 25–539, 25–539a, 25–552, Burns Ind.Stat.Anno. (1970 Repl.). Members of the corporation have no such powers.

As a result of the foregoing, we find that the trial court erred when it dismissed plaintiffs' declaratory judgment complaint on the grounds of standing as to the individual claims of plaintiffs in regard to their individual membership rights and status, but not in regard to the rights and status of defendants.

### B. *Contract Rights*

■ Generally, courts will not interfere with the internal affairs of a private organization unless a personal liberty or property right is jeopardized. *Lozanoski v. Sarafin* (1985), Ind.App., 485 N.E.2d 669, 671. Therefore, the articles of incorporation and bylaws of a not-for-profit corporation are generally considered to be a form of contract between the corporation and its members and among the members themselves. *Id.*

■ Plaintiffs claim they were lifetime members of MMRF. Lifetime membership in an organization is a vested right which entitles the holder to tenure for life, subject to earlier termination only through resignation or dishonorable expulsion. *Orchard Ridge Country Club, Inc. v. Schrey* (1984), Ind.App., 470 N.E.2d 780, 783.

■ However, to be vested in its accurate legal sense, a right must be complete and consummated such that it cannot be divested without consent of the person to whom it belongs. *Id.* Although plaintiffs were arguably entitled to a vote in the matter, their membership was, in our opinion, capable of being divested without their consent by an amendment to the articles of incorporation. The membership provisions had been amended many times in the past and, unlike other provisions in the articles of incorporation, the membership provisions were not specifically excepted from amendment powers. Because a majority vote of members was capable of changing the membership provisions, plaintiffs' membership rights were not lifetime.

■ Also included in the relationship between member and corporation by

---

**3.** We believe that plaintiffs would also have standing to seek a declaratory judgment determination of their contract rights. We will further explore the issue of contract rights in the next section.

implication of law are the applicable statutes under which the corporation is organized. *Scott v. Anderson Newspapers, Inc.* (1985), Ind.App., 477 N.E.2d 553, 558. Plaintiffs are real parties in interest for the purposes of bringing a breach of contract action against defendants for the defendants' violation of statutes that affected plaintiffs' rights directly. The relevant statutes provide that voting members of a non-profit corporation are entitled to ten (10) days notice of a meeting and that voting members have a right to vote on matters affecting their membership status. Sections 25–515(d), (e); 25–529. Viewed in the light most favorable to the plaintiffs, they were voting members at the time their statutory rights were denied.[4] Because their contract rights with MMRF included the right to one vote at meetings and ten days' notice of the meetings, their contract was breached by defendants' actions. Their contract with MMRF contained vested statutory rights which were allegedly denied. As a result, plaintiffs have a present and substantial interest in obtaining a remedy, if any, for the alleged breach of contract in this case. Accordingly, they are the real parties in interest to assert such a claim.

The trial court was in error when it found the plaintiffs lacked the requisite standing to maintain the breach of contract

count to the extent that it challenges their ouster from voting membership status in the corporation.

C. *Quo Warranto Action*

Under common law, a quo warranto action could only be brought in the name of the state by the attorney general or other prosecuting attorney. *State ex rel. Antrim v. Reardon, et al.,* (1903), 161 Ind. 249, 68 N.E. 169. However, the common law rule has been modified by statute and a private person on his own relation may file an information in the nature of a quo warranto whenever he claims an interest in the office, franchise, or corporation which is the subject of the information. IC 34–1–59–2. The private person is required to have a special interest beyond that of a taxpayer or common member of the public. *State ex rel. Brown v. Circuit Court of Marion County* (1982), Ind., 430 N.E.2d 786, 787.

Six cases exist in which an information in the nature of a quo warranto can be filed:

1) When any person shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this state, or any office in any corporation created by the authority of this state;

2) Whenever any public officer shall have done or suffered any act which, by

---

4. There is room for dispute that plaintiffs are actually voting members. Paragraph 7 of the articles of incorporation provides that:

[E]ach active member of the corporation shall have one vote, and their membership shall cease upon death, resignation, or the inability to act; and the membership of such active member shall thereupon be transferred to such as the then remaining active members may decide by majority vote. *An active member may, voluntarily or by majority vote of the Board of Directors, be transferred to an inactive member status.* The Board of Directors shall, by majority vote, decide when an active member is unable to act. The term 'inability to act' shall cover physical and mental illness, transfer or the removal of the active member from the hospital service area, retirement, or such other definition as the Board of Directors may hereafter set out in the By–Laws of the corporation. Whenever the Board of Directors determines that an active member is unable to act, his or her membership shall be transferred to an inactive status. *No notice or*

*hearing shall be necessary for the Board of Directors to transfer an active member to an inactive status.*

It is not clear whether this language gives the board a blanket power to transfer members to inactive status or whether the transfer refers only to members that are unable to act. The importance of the interpretation appears when one looks at the difference between the 1935 and 1971 non-profit statutes. While the 1971 statute allows all members, even non-voting ones, the right to vote on amendments affecting their membership status (IC 23–7–1.1–24), the 1935 statute, which is controlling in this case, gives only voting members the right to notice of meetings and to vote on amendments at meetings. (Sections 25–515; 25–529). If it is found that plaintiffs were capable of being transferred to inactive status, and were in fact transferred to such status, they did not have a right to notice of the meeting or to vote on the amendment. In that case, they would not be able to assert their individual claims.

the provisions of the law, shall work a forfeiture of his office;

3) When any association or number of persons shall act, within this state, as a corporation, without legally being incorporated;

4) When any corporation does or omits acts which amount to a surrender or forfeiture of its rights and privileges as a corporation.

5) Where the corporate franchise was procured through fraud practiced upon the state; and

6) Where the corporation has exceeded or abused the authority conferred upon it by law or has exercised authority not conferred upon it by law.

IC 34-1-59-1.

Plaintiffs have filed an information under sections one (1) and six (6), alleging usurpation and unlawful holding and exercising of corporate offices by defendants, as well as alleging that the corporation has exceeded and abused the authority conferred on it by law.

 Generally, quo warranto is the proper remedy for determination of the right of a party to hold office. *Hovanec v. Diaz* (1981), 272 Ind. 342, 397 N.E.2d 1249, 1250. However, the plaintiff (relator) must demonstrate a personal interest in the right or title to the office. *Id.* The relator can recover only upon his own title to the office and not upon any alleged weakness in the defendant's title to the office. *McGuirk v. State* (1921) 201 Ind. 650, 169 N.E. 521, 523. In this case, plaintiffs have not asserted specific rights to any offices held by defendants. Plaintiffs were merely members who could have been elected to such offices at a later time if they would not have been removed as members. As a result, their rights, if any to the offices, are too remote for the use of a quo warranto action. Their allegations more closely resemble an assertion that the defendants wrongfully hold offices because the corporation exceeded the authority conferred on it by law when it removed their membership without notice. Since they have presented no claim to the offices themselves, quo warranto is not available under subsection 1.

Plaintiffs also assert that the defendants' actions exceeded and abused the authority conferred upon non-profit corporations by law pursuant to subsection 6. The trial court correctly determined that they lacked standing to assert these claims by quo warranto. The ability to assert such claims is vested exclusively in the prosecuting attorney or attorney general. I.C. 34-1-59-2; *State v. Home Brewing Co.* (1914), 182 Ind. 75, 105 N.E. 909; *Columbian Athletic Club v. State* (1895), 143 Ind. 98, 40 N.E. 914.

D. *Derivative Action*

 Plaintiffs allege that they, as members, have standing to bring a derivative action on behalf of MMRF, a non-profit corporation. In *Kirtley v. McClelland* (1990), Ind.App., 562 N.E.2d 27, *transfer denied,* this court recently held that members of a not-for-profit corporation possess the requisite standing to maintain a shareholder derivative action subject to meeting the other requirements of Trial Rule 23.1. Accordingly, plaintiffs' standing to prosecute their claimed derivative action for the benefit of the corporation depends upon the resolution of their claims to membership status.