# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Cheryl Evans | Adam J. Mindel |
| Dune Acres, Indiana | Mindel & Associates |
| | Hobart, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

Cheryl Evans,

*Appellant-Plaintiff,*

v.

Richard Hawksworth, Town of Dune Acres, Alexander Stemer, in his official capacity as Town of Dune Acres Town Council Member and Peter Bomberger, in his official capacity as Town of Dune Acres Town Council Member ,

*Appellees-Defendants.*

August 15, 2016

Court of Appeals Case No. 64A03-1512-PL-2319

Appeal from the Porter Superior Court

The Honorable Roger V. Bradford, Judge

Trial Court Cause No. 64D01-1506-PL-5401

**Robb, Judge.**

# Case Summary and Issues

[1] Cheryl Evans commenced this action to challenge Richard Hawksworth's appointment to and exercise of the position of member of the Town Council for the town of Dune Acres. She now appeals from the trial court's dismissal of her complaint, raising several issues which we consolidate and restate as one: whether the trial court erred in dismissing her complaint for failure to state a claim upon which relief could be granted. Concluding the trial court did not err in dismissing her complaint because she has not demonstrated a personal interest sufficient to challenge Hawksworth's right to office, we affirm.

# Facts and Procedural History

[2] Evans is a resident of and property owner in Dune Acres, Indiana. The Town Council for Dune Acres is comprised of three members, each of whom is elected at large to a four-year term of office.[1] Evans ran for Town Council in the November 2007 general election but Louise Roberts, Jeffrey Swoger, and John Sullivan were elected and began their terms of office on January 1, 2008. Evans did not run for Town Council in 2011; Swoger and Sullivan were retained in office, and Louis Mellen was elected to the Town Council. Swoger resigned from the Town Council effective February 22, 2013, and Richard Hawksworth was appointed by the remaining Town Council members to

---

[1] There is also a Clerk/Treasurer on the Town Council, but this position is not relevant for purposes of this case.

replace him. Hawksworth is also the Dune Acres Building Commissioner. Evans ran for Town Council in 2015 but Hawksworth, Peter Bomberger, and Alexander Stemer were elected.

In June 2015, Evans filed a complaint against Hawksworth, individually, Sullivan and Mellen, in their capacities as Town Council members, and the Town of Dune Acres (collectively, the "Defendants").[2] She subsequently amended her complaint on July 7, 2015. The amended complaint sought the following relief:

> 2. First, [Evans] respectfully asks this Court to declare that Defendant Hawksworth's appointment as Town of Dune Acres Town Council Member ("DA Town Council Member") violated Indiana law and enjoin Defendant Hawksworth from performing the duties of that office until properly chosen.
>
> 3. Second, [Evans] respectfully asks this Court to declare that Defendant Hawksworth's simultaneous holding of the position of DA Town Council Member and the position of Town of Dune Acres Building Commissioner ("DA Building Commissioner") violated the prohibition in Article II, Section 9 of the Indiana Constitution that no person may hold more than one lucrative

---

[2] Evans filed her complaint prior to the 2015 general election and named the then-sitting members of the Town Council as defendants in her suit. The trial court's order was also entered prior to the election. Evans initiated this appeal and thereafter, on January 6, 2016, filed with this court a Notice of Party Substitution indicating that Sullivan and Mellen had been replaced on the Town Council by Peter Bomberger and Alexander Stemer pursuant to the November 2015 general election and Bomberger and Stemer had taken the public oath of office on January 5, 2016. This court accepted the notice and ordered that Bomberger and Stemer, in their official capacities, replace Sullivan and Mellen as parties to this appeal.

office at the same time and enjoin Defendant Hawksworth from performing the duties of both offices simultaneously.

4.  Third, [Evans] respectfully asks this Court to declare that the simultaneous holding of the position of DA Town Council Member and the position of DA Building Commissioner is incompatible and creates a conflict of interest or public policy concern and enjoin Defendant Hawksworth from performing the duties of both offices simultaneously.

5.  Fourth, [Evans] respectfully asks this Court to declare that [Dune Acres], Defendant Mellen, and Defendant Sullivan are violating the Indiana Constitution by illegally recognizing Defendant Hawksworth as a DA Town Council Member and illegally permitting him to perform the office of DA Town Council Member in violation of the Indiana Constitution.

6.  Fifth, [Evans] respectfully asks this Court to declare that, because specific mandatory statutory directives were not followed in choosing Defendant Hawksworth as a DA Town Council member, [Dune Acres], Defendant Sullivan, and Defendant Mellen are violating the Indiana Home Rule Act by recognizing Defendant Hawksworth as a DA Town Council Member and permitting him to exercise the duties of that office.

Appellant's Appendix at 25-26.  Also on July 7, 2015, Evans filed a Motion for Preliminary Injunctions, seeking an order enjoining Hawksworth from performing the duties of a Town Council member and enjoining Dune Acres, Sullivan, and Mellon from recognizing Hawksworth as a Town Council member and permitting him to perform the duties of that office.

The Defendants filed a motion to dismiss Evans's complaint and her motion for preliminary injunctions for failure to state a claim upon which relief could be granted, alleging Evans lacked standing to raise the question of Hawksworth's right to the office of Town Council member and corollary issues. Following a hearing on the Defendants' motion to dismiss, the trial court granted the motion and dismissed Evans's complaint in its entirety. Evans now appeals.

# Discussion and Decision

## I. Motion to Dismiss Standard of Review

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint, not the facts supporting it; in other words, it tests whether the allegations in the complaint establish any set of facts under which the plaintiff would be legally entitled to relief. *Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011). We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion to dismiss de novo, accepting as true the facts alleged in the complaint, viewing the pleadings in the light most favorable to the plaintiff, and drawing every reasonable inference in favor of the non-moving party. *Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015).

## II. Challenge to the Right to Hold Office

Each count of Evans's complaint stems from the basic allegation that Hawksworth is not a legitimate Town Council member, either because of issues with his appointment or because of other positions he holds. The Defendants'

motion to dismiss argued Evans did not have standing to challenge Hawksworth's right to hold the office of Town Council member. Motions to dismiss for lack of standing may be brought under Trial Rule 12(B)(6). *Thomas v. Blackford Cnty. Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind. 2009). A successful Trial Rule 12(B)(6) motion to dismiss for lack of standing requires that the lack of standing be apparent on the face of the complaint. *In re Paternity of G.W.*, 983 N.E.2d 1193, 1196 (Ind. Ct. App. 2013).

[7] Generally, a quo warranto action[3] is the proper remedy for determining the right of a party to hold office. *Brenner v. Powers*, 584 N.E.2d 569, 576 (Ind. Ct. App. 1992), *trans. denied*. Indiana Code section 34-17-1-1(1) states that "[a]n information may be filed against any person or corporation . . . [w]hen a person usurps, intrudes into, or unlawfully holds or exercises a public office . . . within Indiana . . . ." The information may be filed by a prosecuting attorney or "by any other person on the person's own relation, whenever the person claims an

---

[3] "*Quo warranto* means 'by what authority' or 'by what warrant' and was the title of a common law writ used to determine the right of an individual to hold public office . . . ." *Lake Cnty. Sheriff's Merit Bd. v. Buncich*, 869 N.E.2d 482, 484 (Ind. Ct. App. 2007).

The Defendants alleged in their motion to dismiss that although a quo warranto action was the appropriate vehicle to raise Hawksworth's right to office, Evans had not actually stated her claim as a quo warranto action. We disagree, as no specific words or form are required and Evans clearly alleged Hawksworth unlawfully holds a position as Town Council member. However, Evans contends she may *also* pursue declaratory and injunctive relief. We disagree, as the declaratory judgment statute "was intended to furnish an adequate and complete remedy *where none before had existed*." *Ember v. Ember*, 720 N.E.2d 436, 439 (Ind. Ct. App. 1999) (emphasis added). The long established and adequate remedy for determining right to an office is an information in the nature of a quo warranto. *Madden v. Houck*, 403 N.E.2d 1133, 1135-36 (Ind. Ct. App. 1980) (holding the trial court erred in not granting defendant's motion to dismiss plaintiff's complaint for declaratory judgment alleging defendant was not qualified to hold office because declaratory judgment would not necessarily fully resolve the question).

interest in the office . . . that is the subject of the information." Ind. Code § 34-17-2-1(a). When an information is filed by a person other than the prosecuting attorney, that person "shall state the person's interest in the matter and any damages the person has sustained." Ind. Code § 34-17-2-6(c). The person is required to have a special interest beyond that of a taxpayer or member of the general public. *Brenner*, 584 N.E.2d at 575. In other words, the plaintiff must demonstrate a personal interest in the right to the office and cannot recover only upon an alleged weakness in another's title to the office. *Id.* at 576.

## A. Hawksworth's Appointment to Office

Count One of Evans's complaint alleges Hawksworth was improperly holding the office of Town Council member because his 2013 appointment to a vacant position was not made in accordance with the proper statutory procedures. As for her own interest in the office, Evans's complaint states that she "is a registered voter of, resident of, and owner of property within the Town." Appellant's App. at 26. She further alleges:

> 68. By illegally holding the office of DA Town Council Member, Defendant Hawksworth is usurping an opportunity that belongs to a properly chosen resident of Dune Acres, such as [Evans].

> 69. This improper office holding by Defendant Hawksworth has harmed [Evans] by foreclosing an opportunity for holding that office rightly available to her, and [Evans] has a right to request a judgment concerning her rights.

> 70. Defendant Hawksworth's illegal office holding has permitted DA Town Council meetings to occur when there was no quorum

present and altered the DA Town Council vote on whether or not certain actions were taken or ordinances are passed, which has impacted and harmed [Evans].

71. Left unchecked, Defendant Hawksworth's continued illegal office holding will impact future actions and decisions by the DA Town Council, which may lead to future harm to [Evans].

*Id.* at 37.

[9] Evans's complaint does not show that she has a personal interest in the office greater than that of the general public. She did not run for Town Council in the 2011 election in which Swoger—whose resignation before his term ended created the vacancy about which Evans complains—was elected. There is no indication that the Town Council appointed Hawksworth to the vacancy in 2013 knowing Evans had any interest in the appointment herself. *Cf. State ex rel. Brown v. Circuit Court of Marion Cnty.*, 430 N.E.2d 786, 787 (Ind. 1982) (holding the plaintiff's petition for writ of mandamus was not the proper remedy to challenge the right of an appointee to hold the office of school board member, but further noting that if the plaintiff brought a quo warranto action, he could show a personal special interest in the office "as he lives in the district from which he claims the appointee must be selected *and by his own act has made himself a candidate for that office*") (emphasis added). There is no allegation that even if she had made her interest known, the remaining Town Council

members would have been obligated to appoint her over Hawksworth.[4]  She has not alleged any facts which show she—among all the other registered voters, residents, and property owners of Dune Acres—was entitled to the office instead of Hawksworth.  The face of her complaint therefore indicates a lack of standing to maintain a quo warranto action challenging Hawksworth's right to the office.

## B. Hawksworth's Exercise of Office

[10]  Counts Four and Five of Evans's complaint allege Dune Acres and the other two Town Council members are violating the Indiana Constitution and the Home Rule Act by recognizing Hawksworth as a Town Council member and allowing him to exercise the duties of that office when he has no right to the office.  She further alleges the violations have harmed her and impacted her property and legal rights.  *See* Appellant's App. at 44 (¶ 118) and 46 (¶ 130).  As far as any actions undertaken by the Town Council during Hawksworth's tenure following his appointment, "[a]ll that is required, when there is an office, to make an officer de facto, is that the individual claiming the office is in possession of it, performing its duties, and claiming to be such officer under

---

[4]  Evans's specific challenge to Hawksworth's appointment is that the Clerk-Treasurer did not give the statutorily required notice to Sullivan and Mellen of the meeting at which the vacancy was to be filled by them.  *See* Ind. Code § 3-13-9-4(d) (requiring notice of meeting to fill vacancy to be sent by first class mail to each member at least ten days before the meeting).  Assuming she is correct, *any* appointment would have suffered from the same procedural defect, including her own.

color of election or appointment . . . ." *McGuirk v. State*, 201 Ind. 650, 169 N.E. 521, 523 (1930).

> The rule that the acts of an officer De facto . . . are, as to the public as valid as the acts of an officer De jure, is too familiar to the profession to need the citation of authority. The public is not to suffer because those discharging the functions of an officer may have a defective title, or no title at all.

*Hovanec v. Diaz*, 272 Ind. 342, 343-44, 397 N.E.2d 1249, 1250 (1979) (citation omitted). The acts of a de facto official are therefore typically valid as a matter of public policy.

[11]     Further, we note that Hawksworth was duly elected to the Town Council in the 2015 election. *See* Porter County, Indiana Official Results November 3, 2015, General Election, www.porterco.org/DocumentCenter/View/3423 (last visited August 3, 2016); *see also Larkin v. State*, 43 N.E.3d 1281, 1286 (Ind. Ct. App. 2015) ("[W]ell-known and readily ascertainable election results are subject to judicial notice pursuant to Evidence Rule 201(a)(1)."). Even if Hawksworth had been improperly appointed in 2013 to fill the vacancy on the Town Council, his actions and the actions of the Town Council as a whole are not invalid as he was at least a de facto Town Council member from 2013 to 2015. Moreover, his election in 2015 (which Evans does not contest) alleviates any concerns regarding the validity of his 2013 appointment going forward.

## C.  Hawksworth's Multiple Positions

Counts Two and Three of Evans's complaint allege that it is improper for Hawksworth to be both a Town Council member and the Dune Acres Building Commissioner because he is holding two lucrative and incompatible offices. *See* Ind. Const., Art. 2 § 9 ("[N]o person may hold more than one lucrative office at the same time . . . ."); Ind. Code § 3-8-1-3 ("A person may not hold more than one (1) lucrative office at a time . . . ."). These claims, too, are properly raised by a quo warranto action, as they also allege Hawksworth is unlawfully holding a public office, albeit for a different reason. *See* Ind. Code § 34-17-1-1; *Wells v. State ex rel. Peden*, 175 Ind. 380, 94 N.E. 321, 322 (1911) (when defendant failed to vacate office as school trustee when he accepted appointment to a second lucrative office as deputy county auditor, filing a civil information was the proper mechanism for the plaintiff to oust the defendant from his continued exercise of the functions of school trustee); *see also* Indiana Attorney General Greg Zoeller, *Dual Officeholding Guide*, Part I, page 5 (March 2014), www.in.gov/attorneygeneral/files/DOHG_March_2014_Update.pdf (last visited August 3, 2016) (stating that the correct procedure to determine the right to an office when two lucrative offices are alleged is to file an information pursuant to Indiana Code section 34-17-1-1, and "[i]n such a case, the plaintiff must demonstrate personal interest in right or title to the office").

Evans's complaint alleges:

> 94.  Defendant Hawksworth's actions and decisions as DA Building Commissioner and DA Town Council Member impact

> [Evans's] property and legal rights, and [Evans] has a right to ask for declaratory judgment regarding her rights, status, and other legal relations.

Appellant's App. at 41. Although Evans may have a personal interest in the decisions made by the Town Council and/or the Building Commissioner, she has not shown on the face of her complaint that she has a personal interest *in either office*. In *Wells*, for instance, the plaintiff was entitled to file an information because he had been elected to fill the unexpired term of school trustee which became vacant when the defendant accepted a second lucrative office. 94 N.E. at 322. Evans has demonstrated no such personal interest in the offices Hawksworth holds and therefore does not have standing to pursue this quo warranto action challenging Hawksworth's holding of the two positions.[5]

# Conclusion

[14] Because Evans's complaint fails to show on its face that she has standing to bring a quo warranto action to challenge Hawksworth's right to hold and exercise the powers of the office of Town Council member, the trial court did not err in dismissing her complaint for failure to state a claim upon which relief could be granted.[6]

---

[5] This is not to say that Hawksworth's alleged dual office holding cannot be challenged; it just cannot be challenged by Evans.

[6] Evans's appellate brief also argues the merits of the various counts of her complaint. Because of the procedural posture of this case and our determination that dismissal was appropriate, we need not decide whether Hawksworth was in fact improperly appointed or whether he improperly holds two lucrative offices.

Affirmed.

Najam, J., and Crone, J., concur.

---

Moreover, even if we had agreed with Evans that her complaint should not have been dismissed, we would have been unable to decide the merits of this case because they had not yet been presented to the trial court.