


FILED

Mar 17 2025, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

## Charles Moon, Connie Moon, Daniel Short, and Heather Peters,

*Appellants-Petitioners*

v.

## Denise Konkle,

*Appellee-Respondent*

March 17, 2025

Court of Appeals Case No.
24A-PL-1861

Appeal from the Floyd Circuit Court

The Honorable Jason M. Mount, Special Judge

Trial Court Cause No.
22C01-2304-PL-536

**Opinion by Judge Vaidik**
Chief Judge Altice and Judge Scheele concur.

**Vaidik, Judge.**

## Case Summary

A quo warranto action is used to challenge the right of a person to hold a particular office. Such an action may be brought by a prosecuting attorney or by a person on the person's own relation. For a person to bring a quo warranto action on their own relation, they must have a special interest in the office at issue beyond that of the general public.

Charles Moon, Connie Moon, Daniel Short, and Heather Peters (collectively, "Relators") brought a quo warranto action against Floyd County Councilwoman Denise Konkle, claiming she forfeited her office by residing in Harrison County for six months. The trial court granted summary judgment to Councilwoman Konkle, and Relators now appeal. Finding that Relators lacked standing to bring a quo warranto action because they do not have a special interest in Councilwoman Konkle's office, we affirm.

## Facts and Procedural History

In November 2018, Denise Konkle was elected to the Floyd County Council as the Councilwoman for District Four. For over forty years, Councilwoman Konkle and her then-husband lived together in Floyd County. When the two divorced, Councilwoman Konkle purchased her own property in Floyd County with plans to build a new house. The purchase agreement for the new property was finalized on October 3, 2022. At the end of October, Councilwoman Konkle moved into her sister's rental property in neighboring Harrison County

while her new house was being built. That November, she was reelected to the County Council after running unopposed.

[4] On April 19, 2023, Charles Moon, a Floyd County resident, filed a quo warranto action to have Councilwoman Konkle's office declared vacant, alleging that "Konkle has forfeited her right to be a member of the County Council of Floyd County." Appellants' App. Vol. II p. 16. Moon argued that "by continuously residing in Harrison County for at least six (6) months," Councilwoman Konkle violated Article 6, Section 6 of the Indiana Constitution's requirement that all county officers "reside within their respective counties." *Id.* That same month, construction was completed on Councilwoman Konkle's new house, and she moved in on April 28.

[5] Councilwoman Konkle moved to dismiss the quo warranto action, arguing that Charles lacked standing to bring such an action and that, alternatively, she did not forfeit her office because she maintained her Floyd County residency. Charles subsequently moved for leave to amend his petition to add as co-petitioners Floyd County Councilwoman Connie Moon, Floyd County Councilman Daniel Short, and Heather Peters, who was the Chairperson of the Floyd County Republican Party at the time. The trial court held a hearing on the parties' motions in November. Councilwoman Konkle argued that Councilwoman Moon, Councilman Short, and Peters also lacked standing because an individual bringing a quo warranto action must "claim an interest in being the office holder themselves, as in the opponent who did not win the election, or the adversary who seeks to be appointed to the . . . vacant position."

Tr. p. 15. At the end of the hearing, the court allowed the amendment and denied Councilwoman Konkle's motion to dismiss. The court explained that the cases upon which Councilwoman Konkle relied "stand for the proposition that somebody . . . wholly foreign to a situation is barred" from bringing a quo warranto action without "something more than just the interest of the taxpayer," but the court "d[id]n't know if [the case law] goes so far as to say that only people who claimed the office would have standing." *Id.* at 18.

[6] In February 2024, a special judge was appointed after the presiding judge recused himself. The next month, Relators moved for summary judgment. Councilwoman Konkle cross-moved for summary judgment, renewing her request that the trial court dismiss the petition for lack of standing and asserting that she maintained her Floyd County residency. In July, the trial court, without explanation, denied Relators' motion for summary judgment and granted Councilwoman Konkle's cross-motion.

[7] Relators now appeal.

## Discussion and Decision

[8] Relators contend the trial court should have granted their motion for summary judgment and denied Councilwoman Konkle's cross-motion because Councilwoman Konkle forfeited her office by violating the Article 6, Section 6 residency requirement. We review a motion for summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). That is, "The judgment sought shall be rendered forthwith if

the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Where, as here, cross-motions for summary judgment were filed, our standard of review does not change. *Secura Supreme Ins. Co. v. Johnson*, 51 N.E.3d 356, 359 (Ind. Ct. App. 2016), *reh'g denied*.

[9] Councilwoman Konkle argued in her cross-motion for summary judgment that the trial court should dismiss Relators' petition because they lacked standing and that, in any event, the petition was without merit because she maintained her Floyd County residency. In its order, the trial court didn't specify whether its ruling was based on standing or the merits. But we may affirm the trial court's ruling "based on any theory supported by record evidence." *Markey v. Estate of Markey*, 38 N.E.3d 1003, 1007 (Ind. 2015).

[10] Relators alleged that Councilwoman Konkle forfeited her office on the Floyd County Council by residing in Harrison County. The proper remedy for the determination of a party's right to hold office is a quo warranto action. *State ex rel. Brown v. Cir. Ct. of Marion Cnty.*, 430 N.E.2d 786, 787 (Ind. 1982). Under common law, only the Attorney General or a prosecuting attorney could bring a quo warranto action. *Brenner v. Powers*, 584 N.E.2d 569, 575 (Ind. Ct. App. 1992), *reh'g denied*, *trans. denied*. "However, the common law rule has been modified by statute," allowing a person on their own relation to "file an information in the nature of a quo warranto" in certain cases. *Id.* Indiana Code section 34-17-1-1 provides, in relevant part:

An information may be filed against any person or corporation in the following cases:

> (1) When a person usurps, intrudes into, or unlawfully holds or exercises a public office or a franchise within Indiana or an office in a corporation created by the authority of this state.

> (2) Whenever a public officer does or allows an act which, by law, works a forfeiture of the officer's office. . . .

And under Section 34-17-2-1(a), such an information may be filed "(1) by the prosecuting attorney"[1] or "(2) by any other person on the person's own relation, whenever the person claims an interest in the office."

A person's ability to bring a quo warranto action on their own relation is an "exceptional right":

> The exercise of a public office affects the whole body of the public, and hence it is that the government assumes to regulate and restrain it, leaving to the individual citizen only the exceptional right to question it when he is able to show that he has an interest in the particular office different in kind from that of the citizens generally.

*State ex rel. Maxwell v. Dudley*, 68 N.E. 899, 900 (Ind. 1903); *see also Brenner*, 584 N.E.2d at 575 ("The private person is required to have a special interest beyond

---

[1] A special prosecutor was appointed in June 2023 to review the case against Councilwoman Konkle but ultimately decided not to file an information. *See* Konkle's Cross-Motion for Summary Judgment, No. 22C01-2304-PL-536 (Apr. 5, 2024).

that of a taxpayer or common member of the public."). "Moreover, that interest must be in the right or title to the office." *Hovanec v. Diaz*, 397 N.E.2d 1249, 1250 (Ind. 1979).

[12] Relators contend they each have a special interest beyond that of an ordinary taxpayer such that they had standing to bring a quo warranto action. We address each Relator's alleged interest in turn.

## I. Charles's status as a Floyd County resident and taxpayer is not a special interest

[13] As to Charles, Relators acknowledge that he doesn't live in Councilwoman Konkle's district. Yet they claim that as "a resident and taxpayer of Floyd County," Charles "has an interest" in "the fiscal policies and decisions of the Floyd County Council . . . being made by a properly constituted body." Appellants' Br. p. 14. But this "interest" is no different from that of the general public in Floyd County, as the County Council's policies and decisions "affect[] the whole body of the public." *Dudley*, 68 N.E. at 900. Accordingly, Charles lacked standing to bring a quo warranto action. *See City of Gary v. Johnson*, 621 N.E.2d 650, 652 (Ind. Ct. App. 1993) ("Johnson alleged only that he is a taxpayer and property-owning resident of the City of Gary. He failed to allege or demonstrate any personal interest in Rouster's office distinct from that of the general public. Therefore, he lacked standing to bring a *quo warranto* action . . . ." (record citation omitted)).

## II. A position on a county council, without more, does not confer standing to bring a quo warranto action to oust another council member

[14] Relators next argue that "[a]s members of the Floyd County Council, Connie Moon and Daniel Short have a special interest in maintaining the legality and integrity of the Floyd County Council."[2] Appellants' Br. p. 14. Relators don't identify any case law where a person in a similar position was found to have a special interest sufficient to bring a quo warranto action. Nor could they—our case law makes clear that the interest needed to bring a quo warranto action is an interest in the right or title to the office that is the subject of the action, not merely an interest in the matter generally. *See, e.g.*, *Hovanec*, 397 N.E.2d at 1250; *Hampton v. Barber*, 153 N.E.3d 1204, 1207 (Ind. Ct. App. 2020) ("The individual 'must demonstrate a personal interest distinct from that of the general public, which interest must be in the right or title to the office.'" (quoting *City of Gary*, 621 N.E.2d at 652)); *see also Rule v. State ex rel. Dickinson*, 194 N.E. 151, 152 (Ind. 1935) ("The law is well settled that the relators can recover only upon the strength of their own title and not upon the weakness of the appellants' title to the office.").

[15] Councilwoman Moon's and Councilman Short's "special interest in maintaining the legality and integrity of the Floyd County Council" is not an

---

[2] According to the Secretary of State's website, Connie lost her primary election in May 2024 and is therefore no longer a member of the Floyd County Council. But because she was a council member at the time the trial court made its summary-judgment ruling, we review her standing argument as if she were still a member.

interest in the right or title to Councilwoman Konkle's office. The only offices to which Councilwoman Moon and Councilman Short have title are their own seats on the Floyd County Council, and Relators do not allege that Councilwoman Konkle usurped or intruded into these offices. Thus, Councilwoman Moon and Councilman Short also lacked standing to bring a quo warranto action. *See State ex rel. Hogue v. Slack*, 162 N.E. 670, 673 (Ind. 1928) ("Hogue fails to show that he has any interest in the office of mayor, here in controversy, or that Slack has intruded into or is claiming the office of comptroller to which [Hogue] was appointed. Hence Hogue has no valid cause of action against Slack.").

### III. The authority of a county political party's chairperson to call a caucus to fill a vacancy in a local office does not give the chairperson standing to bring a quo warranto action against a local officeholder

Relators claim Peters "held multiple special interests beyond those of mere ordinary taxpayers." Appellants' Br. p. 15. First, they argue that as the Chairperson of the Floyd County Republican Party "[a]t all relevant times to the underlying action," Peters "had the right, pursuant to Ind. Code § 3-13-11-3, to call a caucus to fill . . . a vacancy in a seat on the Floyd County Council." *Id.* Again, Relators don't point us to any authority where an individual in a similar position was found to have the requisite interest to bring a quo warranto action. And as explained above, to be sufficient, the interest must be in the right or title to Councilwoman Konkle's office. Peters's authority to call a caucus to fill a vacancy in the office (should one arise) is, at best, an interest in the matter

generally but does not amount to an interest in the right or title to the office. *See Dudley*, 68 N.E. at 900-01 (although statute provided that, upon vacancy in office of sheriff, county coroner would assume sheriff's duties, holding that coroner did not have interest in sheriff's office as contemplated by quo warranto statute because "[t]he statute does not extend to a case where the claim is that such relator has merely an interest in duties that pertain to the office").

## IV. Mere eligibility to apply for a vacancy in a public office does not amount to a special interest in the office sufficient to bring a quo warranto action

[17] Finally, Relators also contend Peters has a special interest in Councilwoman Konkle's office because she "is a resident of Floyd County District 4 and would be eligible to apply for any vacancy" in the office. Appellants' Br. p. 15. This argument also falls short. In *Hampton v. Barber*, a Muncie City Councilman resigned, and Hampton was selected to fill the vacancy after receiving the most votes at the party caucus. But after learning that Hampton was ineligible to hold office due to his criminal convictions, Barber, who also applied to fill the vacancy and came in third, brought a quo warranto action to oust Hampton from the office. On appeal, Hampton challenged Barber's standing to bring the action, and we held that Barber "had a personal interest in the office beyond that of the general public" because he "applied for the vacant seat on the Muncie City Council, which vacancy was ultimately filled by Hampton," and "would again apply for that office should another vacancy occur as a result of the instant proceedings." *Hampton*, 153 N.E.3d at 1208; *see also Brown*, 430

N.E.2d at 787 (where Brown "live[d] in the district from which he claim[ed] the appointee must be selected and by his own act . . . made himself a candidate for that office," finding Brown had standing to challenge appointee's right to hold office that had recently been vacated).

[18] Unlike Barber and Brown, Peters did not make herself a candidate for Councilwoman Konkle's office, and she doesn't assert that she would apply for the office should a vacancy arise; she simply states that she is "a resident of the district who could fill the seat." Appellants' Br. p. 14. But it is not enough that Peters would merely "be eligible to apply for" a vacancy in Councilwoman Konkle's office. The *Brenner* case is instructive in our analysis. In *Brenner*, plaintiffs, who were minority members of a corporation, brought multiple claims against defendants, the president and directors of the corporation, including a quo warranto action alleging usurpation and unlawful holding and exercising of corporate offices by defendants. We held that "plaintiffs ha[d] not asserted specific rights to any offices held by defendants" because the plaintiffs "were merely members who could have been elected to such offices at a later time," so "their rights, if any to the offices, [we]re too remote for the use of a quo warranto action." *Brenner*, 584 N.E.2d at 576. Though *Brenner* involved an action against corporate officers rather than a public official, because Section 34-17-2-1(a)(2)'s personal-interest requirement applies to any "information described in IC 34-17-1-1," the same analysis applies here. Like the plaintiffs in *Brenner*, Peters did not assert a specific right to Councilwoman Konkle's office; by Relators' own classification, Peters is merely a District Four resident who

could be elected to or appointed to fill a vacancy in the office at a later time. Without an interest in the right or title to Councilwoman Konkle's office, Peters lacked standing to bring a quo warranto action.

[19] Because Relators lacked standing to bring the action, we will not address their Article 6, Section 6 residency argument. *See Pflugh v. Indianapolis Historic Pres. Comm'n*, 108 N.E.3d 904, 908 (Ind. Ct. App. 2018) ("Standing must thus be analyzed before the merits of the case because if a person has no standing, then the Court has no jurisdiction to determine the merits."), *trans. denied*.

[20] Affirmed.

Altice, C.J., and Scheele, J., concur.

ATTORNEY FOR APPELLANTS

S. Coy Travis
Coy Travis Law
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Jeremy S. Rogers
Robert H. Eichenberger
Dinsmore & Shohl LLP
Louisville, Kentucky